United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES EDWARD BOWELL, | ) | No. C 08-04843 JW (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| CALIFORNIA DEPT. OF CORRECTIONS, et al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, a prisoner at the High Desert State Prison in Susanville, California, has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims against Salinas Valley Sate Prison ("SVSP") officials. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate order. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.08\Bowell04843_dwlta.wpd

frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff alleges that on January 16, 2007 and March 14, 2007, SVSP prison officials subjected plaintiff to the following: 1) excessive force; 2) attempted murder; and 3) cruel and unusual punishment. Liberally construed, plaintiff's claims are cognizable under § 1983, as violations of his rights under the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Farmer v. Brennan, 511 U.S. 825, 832 (1994); Jeffers v. Gomez, 267 F.3d 895, 918 (9th Cir. 2001).

C.  Defendant N. Grannis

Plaintiff has named N. Grannis, Chief Inmate Appeals Branch at the California Department of Corrections, as a defendant, alleging that there is a "causal connection" between Grannis and Warden Mike Evans, who is "implicated in supervisory liability." (Compl. 4.) This is the only statement he makes with respect to defendant Grannis.

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 ( 9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff

complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Plaintiff must set forth specific facts as to defendant Grannis' conduct that proximately caused a violation of his federally protected rights. See Leer, 844 F.2d at 634. Plaintiff has not done so, having made no factual allegations as to defendant Grannis' conduct which proximately caused him injury.

With respect to supervisor liability, a supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F. 2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001). Plaintiff's claim against defendant Grannis is DISMISSED with leave to amend to allege facts showing the defendant Grannis has supervisory authority over the SVSP officials involved in the alleged incident and that his conduct was constitutionally deficient in accordance with the above.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims against defendant Grannis are hereby DISMISSED with leave to amend, as indicated above. Within **thirty (30) days** of the date this order is filed, plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page and write in the case number for this

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.08\Bowell04843_dwlta.wpd         3

1 action, Case No. C 08-04843 JW ( PR).  Because an amended complaint completely
2 replaces the original complaint, plaintiff must include in it all the claims he wishes
3 to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113
4 S. Ct. 321 ( 1992).  Plaintiff may not incorporate material from the original
5 complaint by reference.

6 Alternatively, plaintiff may move for the Court to strike the claims against
7 defendant Grannis from the original complaint and proceed only on the Eighth
8 Amendment claims against SVSP officials.

9 2.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep
10 the Court informed of any change of address by filing a separate paper with the clerk
11 headed "Notice of Change of Address."  He must comply with the Court's orders in
12 a timely fashion or ask for an extension of time to do so.  Failure to comply may
13 result in the dismissal of this action pursuant to Federal Rule of Civil Procedure
14 41(b).

DATED: January 26, 2009

JAMES WARE
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.08\Bowell04843_dwlta.wpd          4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES EDWARD BOWELL,

        Plaintiff,

  v.

CALIFORNIA DEPT. OF CORRECTIONS,
et al.,

        Defendants.
                              /

Case Number: CV08-04843 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/12/2009_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Bowell H-04180
High Desert State Prison
P.O. Box 3030
Susanville, Ca 96127

Dated: _____2/12/2009_____

                                              Richard W. Wieking, Clerk
                                         /s/ By: Elizabeth Garcia, Deputy Clerk