**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BOWELL, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA DEPT. OF CORRECTIONS, et al., <br><br> Defendants. | No. C 08-04843 JW (PR) <br><br> ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK <br><br> (Docket Nos. 8, 9, 10, 14 & 15) |

Plaintiff, a prisoner at the High Desert State Prison in Susanville, California, has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims against Salinas Valley Sate Prison ("SVSP") officials.[1] The Court reviewed the complaint pursuant to 28 U.S.C. § 1915A(a), and found cognizable plaintiff's Eighth Amendment claims while dismissing with leave to amend plaintiff's claims against defendant N. Grannis. Plaintiff was advised that in the alternative to filing an amended complaint, he may move for the Court to strike the claims against

---

[1] The Court notes that plaintiff filed a prior complaint alleging identical claims under Case No. 06-02836 JW (PR), which was dismissed on July 9, 2008, for failure to exhaust administrative remedies. Plaintiff alleges in the instant complaint that he has exhausted these claims through the prison grievance procedures. (Compl. 3.)

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Bowell04843_service.wpd

defendant Grannis from the original complaint and proceed only on the Eighth Amendment claims against SVSP officials. On February 27, 2009, plaintiff filed a motion to strike claims against defendant Grannis and proceed with only the Eighth Amendment claims. (Docket No. 14.) The motion is GRANTED.

Accordingly, the Court orders plaintiff's claims against defendant Grannis be stricken from the original complaint. This action will proceed based on plaintiff's Eighth Amendment claims that on January 16, 2007 and March 14, 2007, SVSP prison officials subjected plaintiff to the following: 1) excessive force; 2) attempted murder; and 3) cruel and unusual punishment. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Farmer v. Brennan, 511 U.S. 825, 832 (1994); Jeffers v. Gomez, 267 F.3d 895, 918 (9th Cir. 2001).

Plaintiff's motion for corrective order against High Desert State Prison to allow plaintiff to be present during cell searches, (Docket No. 8), is DENIED. High Desert State Prison is not a party to this action and therefore not under the jurisdiction of this Court.

Plaintiff filed a motion for an order not to be double-celled, (Docket No. 9), which the Court construes as a motion for preliminary injunction and/or temporary restraining order ("TRO"). The motion is DENIED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 65. Prior to granting a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A motion for preliminary injunction therefore cannot be decided until the parties to the action are served, and all defendants have not yet been served here. See Zepeda v. INS, 753 F. 2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Bowell04843_service.wpd        2

in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b). Plaintiff has not satisfied both requirements. Plaintiff's motion for appearance via video conference in order to be present for the hearing to consider this motion is DENIED as moot. (Docket No. 10.)

In light of this order, plaintiff's motion to "[e]xpeditiously process original complaint forthwith" (Docket No. 15) is DENIED as moot.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court orders the claims against defendant Grannis be stricken from the complaint. Defendant Grannis is DISMISSED from this action. The clerk shall terminate defendant Grannis from the Docket.

2. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon defendants **Warden M. Evans; Correctional Officers J. Baker, E. Mata, M. Thomas, F. Moore, M. Mendoza, S. Hatton, D. M. Mantel, D. Rocha, D. Galindo, S. Picazo, G. Bailey, T. G. Miller, R. Machuca; and Nurse S. Remington** at the **Salinas Valley State Prison** (P.O. Box 1020, Soledad, CA 93960-1020). The clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Bowell04843_service.wpd    3

pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **forty-five (45) days** from the date defendants' motion is filed.

        a.    In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.    In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service
P:\PRO-SE\SJ.JW\CR.08\Bowell04843_service.wpd       4

> Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    8. Discovery may be taken in accordance with the Federal Rules of Civil

1  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or
2  Local Rule 16-1 is required before the parties may conduct discovery.
3          9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must
4  keep the court informed of any change of address and must comply with the court's
5  orders in a timely fashion.  Failure to do so may result in the dismissal of this action
6  for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
7          10.     Extensions of time must be filed no later than the deadline sought to be
8  extended and must be accompanied by a showing of good cause.
9          This order terminates Docket Nos. 8, 9, 10, 14 and 15.

DATED:  April 13, 2009

*James Ware*
JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD BOWELL, | Case Number: CV08-04843 JW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CA DEPT OF CORRECTIONS, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/29/2009 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Bowell H-04180
High Desert State Prison
P.O. Box 3030
Susanville, Ca 96127

Dated:   4/29/2009

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk